United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN WILKINS, ) | No. C 10-0465 MMC (PR) |
| ) | |
| Plaintiff, ) | Alameda County Sup. Ct. No. RG09481845 |
| ) | |
| v. ) | **ORDER GRANTING DEFENDANT'S MOTION TO SCREEN COMPLAINT; GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT; DIRECTIONS TO CLERK** |
| SHERIFF GREG AHERN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | **(Docket Nos. 3 & 8)** |

On October 29, 2009, plaintiff, a California prisoner incarcerated at the Alameda County Jail and proceeding pro se, filed the above-titled civil action in Alameda County Superior Court. On February 2, 2010, defendant Sheriff Greg Ahern ("Ahern") removed the action to federal court pursuant to 28 U.S.C. § 1441(b) (Docket No. 2)[1] and, on February 5, 2010, filed a motion by which he requested the Court screen the complaint pursuant to 28 U.S.C. § 1915A (Docket No. 3). Thereafter, on February 22, 2010, plaintiff filed a motion to remand the action to state court (Docket No. 8).

Having read and considered the parties' respective motions, the Court rules as follows.

---

[1]The case initially was assigned to Magistrate Judge Elizabeth D. Laporte. On February 5, 2010, the case was reassigned to the undersigned. (Docket No. 6.)

**DISCUSSION**

A.  Screening

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his complaint, plaintiff states he is asserting the following causes of action: (1) "Interference with Plaintiff's Rights with Threats, Intimidation and Coercion (Equal Protection, Due Process, To be Free From Cruel and Unusual Punishment)"; (2) "Emotional Distress/Mental Anguish (Extreme, Reckless, Intentional)"; (3) "Personal Injury." (Def.'s Notice Remov. Ex. A at 7:25-28.)

Plaintiff's causes of action are, in each instance, grounded in plaintiff's allegations that Ahern and Doe defendant sheriff's deputies (1) have endangered plaintiff's safety and exacerbated plaintiff's paranoid schizophrenia by requiring him to be transported in busses and vans without access to seatbelts, and (2) endangered plaintiff's physical health and exacerbated his mental health condition by placing him and other inmates in court holding cells for several hours with only one toilet and no access to a sink to wash his hands after using the toilet, sneezing or coughing.  (Ex. A at 2:5-7:23.)  Plaintiff states in his complaint that he seeks injunctive relief and monetary damages, including, under California Civil Code § 52, statutory damages.  (Id. at 8:8-27.)

In his notice of removal, Ahern contends federal jurisdiction over plaintiff's complaint exists under 28 U.S.C. § 1331, based on the following: (1) the second paragraph of the complaint, wherein plaintiff states: "Plaintiff brings this action to secure Constitutional (State and Federal) and statutory rights which injunction (sic) relief is available to protect," (see id. at 1 ¶ 2), and (2) plaintiff's reference in his claims to "equal protection," "due process" and "cruel and unusual punishment" (see id. at 7:25-28).

In plaintiff's motion to remand the action to state court, however, plaintiff asserts that he is bringing only state law causes of action in his complaint. Specifically, he states that he filed his complaint under California Civil Code § 52.1, which provides a private cause of action for both injunctive and monetary relief, including damages under § 52, where: "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." See Cal. Civ. Code § 52.1(a), (b).

Additionally, plaintiff states that the only remedy he seeks for alleged violations of his rights to equal protection, due process and freedom from cruel and unusual punishment is the remedy provided under § 52.1, and not any separate remedy under federal law. (Pl.'s Mot. Remand at 5:16-24.) In that regard, plaintiff further states: "This is not a federal cause of action nor does the federal court have original jurisdiction over this state civ code [sic] cause of action." (Id. at 5:24-6:2.)

In sum, plaintiff expressly disavows asserting any federal cause of action in his complaint, and states that any references in his complaint to violations of the federal constitution are made only to secure a remedy for such violations as allowed under California Civil Code § 52.1. Based thereon, the Court will construe plaintiff's complaint as raising solely a state law claim under California Civil Code § 52.1, and not a claim under 42 U.S.C. § 1983 or any other federal law. Consequently, because plaintiff's complaint does not include a claim arising under federal law, this Court lacks subject matter jurisdiction over

said complaint, see 28 U.S.C. § 1331, and, consequently, must remand the action to state court. See 28 U.S.C. § 1447(c). Accordingly, plaintiff's motion to remand will be granted.

**CONCLUSION**

For the reasons stated above,

1. Defendant's motion for an initial screening is hereby GRANTED.

2. Plaintiff's motion to remand the action to the Alameda County Superior Court is hereby GRANTED.

The Clerk shall mail a copy of this order and a copy of the file to the Clerk of the Alameda County Superior Court, and shall close the file.

IT IS SO ORDERED.

DATED: June 15, 2010

MAXINE M. CHESNEY
United States District Judge